**GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@go2.law
Jeannie Kim, State Bar No. 270713
jkim@go2.law
3070 Bristol St., Suite 640
Costa Mesa, CA 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Attorneys for Debtor and Debtor in Possession
Aletha Inc. dba Aletha Health

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

In re

Aletha Inc. dba Aletha Health,

Debtor and
Debtor in Possession.

Case No. 26-40950 (HLB)

Chapter 11

**FIRST INTERIM APPLICATION OF GOLDEN GOODRICH LLP, COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION, FOR AWARD, ALLOWANCE, AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF MAY 4, 2026 THROUGH AUGUST 31, 2026**

The Hon. Hannah L. Blumenstiel

Date: October 8, 2026
Time: 10:00 a.m.
Place: United States Bankruptcy Court
Courtroom 19 or via Zoom
450 Golden Gate Ave., 16th Fl.
San Francisco, California 94102

Objection Deadline: September 24, 2026
Reply Deadline: October 1, 2026

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION .......... 1
II. BACKGROUND .......... 2
III. STATUS OF CASE .......... 3
IV. RETAINER .......... 3
V. SUMMARY OF SERVICES RENDERED .......... 3
VI. RELIEF REQUESTED AND BASIS FOR RELIEF .......... 4
VII. NO PRIOR REQUEST FOR COMPENSATION .......... 5
VIII. EXHIBITS IN SUPPORT OF APPLICATION .......... 5
IX. SUMMARY OF PROJECT BILLING CODES .......... 6
  A. Maintenance of Records .......... 6
  B. Use of Project Billing Categories .......... 6
    1. Asset Analysis and Recovery .......... 7
    2. Case Administration .......... 7
    3. Initial Debtor Interview and Meetings of Creditors .......... 10
    4. Business Operations .......... 10
    5. Cash Collateral and Adequate Protection .......... 11
    6. Claims Administration and Objections .......... 13
    7. Plan and Disclosure Statement .......... 13
    8. Employment Applications .......... 14
X. CERTIFICATION .......... 15
XI. NOTICE .......... 15
XII. CONCLUSION .......... 16

## I.

## INTRODUCTION

This is the first interim fee application (the "Application") for award and allowance of compensation and reimbursement of expenses of Golden Goodrich LLP (the "Firm" or "Applicant") incurred as general bankruptcy counsel for Aletha Inc., dba Aletha Health, a California corporation and the debtor and debtor in possession ("Aletha" or the "Debtor") in the above-captioned chapter 11 case (the "Bankruptcy Case"), for the period commencing May 4, 2026, through and including August 31, 2026 (the "Application Period"). The Firm seeks entry of an order, in substantially the form attached hereto as Exhibit 1: (i) awarding and allowing interim compensation in the amount of $83,540.00 and actual and necessary expenses in the amount of $2,172.48 for total allowance in the amount of **$85,712.48**; (ii) authorizing the Firm to draw down on amounts held in trust; (iii) authorizing the Debtor to pay to the Firm the balance due on account of fees awarded and allowed and reimbursement of expenses incurred as allowed and approved by the Court; and (iv) granting such other relief that the Court deems just and proper.

This Application is made pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2016 and 2022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bankruptcy Local Rules for the Northern District of California (the "B.L.R."). The Application is based on the *Order Approving Application of Debtor and Debtor in Possession to Employ Counsel (Golden Goodrich LLP) Pursuant to 11 U.S.C. §§ 327 and 330* [ECF No. 57] (the "Employment Order"), the supporting declaration of Jeannie Kim filed concurrently herewith (the "Kim Declaration"), and all related documents and pleadings previously filed in this Bankruptcy Case or that may be filed prior to the hearing on the Application, and such other evidence, whether oral or documentary, that the Court may elect to consider.

Except as otherwise noted, the Firm believes that this Application substantially conforms with the United States Bankruptcy Court for the Northern District of California's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002


Case: 26-40950 Doc# 82 Filed: 09/10/26 Entered: 09/10/26 17:37:21 Page 3 of 20

(the "Northern District Guidelines").

In support of this Application, the Firm respectfully represents as follows:

## II.

## BACKGROUND

Headquartered in Walnut Creek, California, Aletha designs, manufactures, and sells physical therapy tools under the Aletha Health brand to customers worldwide via third-party e-commerce platforms. The Debtor commenced the Bankruptcy Case as it faced significant financial distress as it faced (1) a significant decline in annual revenues since 2024 as a result of multiple changes to the various e-commerce advertising platforms the Debtor uses to market its products for sale, (2) onerous weekly repayment obligations under merchant cash advance transactions with Parkside Funding Group LLC ("Parkside") and Vox Funding LLC ("Vox"), and (3) Parkside's issuance of UCC Lien Notices (the "Lien Notices") to the Debtor's account debtors (Amazon and Stripe) notwithstanding that Parkside is not a senior secured creditor, thereby depriving the Debtor of access to its sales proceeds.

On May 4, 2026 (the "Petition Date"), the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its financial affairs as a debtor and debtor in possession under Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested or appointed.

In further support of the Debtor's background and the events precipitating the Bankruptcy Case, the Firm relies on the statements set forth in the *Declaration of Shridhar Swaminathan in Support of Chapter 11 Petition and Emergency First Day Motions for Entry of Interim and Final Orders* [ECF No. 10] (the "Swaminathan Decl.").[1]

[1] Capitalized terms not otherwise defined in this Application shall have the same meanings ascribed to them in the Swaminathan Decl.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## III.

## STATUS OF CASE

The Debtor continues to implement cost-reduction measures while pursuing increased sales and new business-to-business relationships and distribution partners to preserve and maximize its going concern value and the value of substantially all of its assets. At the same time, the Debtor has been actively engaging with potential investors, asset purchasers, and lenders to evaluate potential avenues for reorganization and emergence from the Bankruptcy Case. The Debtor is committed to providing a recovery to its creditors and continues to work toward accomplishing this goal each day. As of the date of this Application, the Debtor holds approximately $15,000 of cash on hand in its debtor in possession operating account and approximately $120,000 in its professional fee reserve account.

## IV.

## RETAINER

Prepetition, on or about April 8, 2026, the Firm received $50,000.00 ("Retainer") from the Debtor, of which $22,065.00 was applied to prepetition services and expenses, leaving a balance of $27,935.00 in favor of the Debtor that the Firm maintains in its retainer account.

## V.

## SUMMARY OF SERVICES RENDERED

The Firm's attorneys spent 128.50 hours performing the services described in this Application. During the Application Period, the Firm has assisted the Debtor in (i) complying with Office of the United States Trustee ("UST") requirements including reporting requirements and compliance tasks; (ii) seeking and obtaining customary emergency first day relief, (iii) producing documents to the UST and certain creditors; (iv) attending the Debtor's initial debtor interview and meeting of creditors, (v) obtaining approval to enter into a new commercial lease, (vi) obtaining approval from two secured creditors to use cash collateral or collateral, (vii) advising the Debtor on plan strategy and reorganization issues, (viii) requesting an extension of the Debtor's exclusivity period, and (viii) employing

professionals.

## VI.

## RELIEF REQUESTED AND BASIS FOR RELIEF

As set forth above, the Firm seeks an order of the Court, in substantially the form attached hereto as Exhibit 1: (i) awarding and allowing interim compensation in the amount of $83,540.00 and actual and necessary expenses in the amount of $2,172.48 for total allowance in the amount of **$85,712.48**; (ii) authorizing the Firm to draw down on amounts held in trust; (iii) authorizing the Debtor to pay to the Firm the balance due on account of fees awarded and allowed and reimbursement of expenses incurred as allowed and approved by the Court; and (iv) granting such other relief that the Court deems just and proper.

A summary of the relief requested is as follows:

| | |
|---|---|
| Applicant | Golden Goodrich LLP |
| Application Period | May 4, 2026 – August 31, 2026 |
| Prior Application/Award: | None/Not Applicable |
| Fees Requested | $83,540.00 |
| Reimbursement of costs incurred | $2,172.48 |
| Total Interim Award Requested: | $85,712.48 |
| Retainer Amount to Apply: | $27,935.00 |
| Balance Due from Debtor: | $57,777.48 |

These amounts represent the reasonable value of the services rendered by the Firm to the Debtor during the Application Period. The Firm's attorneys and staff who provided services to the Debtor are highly skilled bankruptcy attorneys and paralegals, and their services were necessary and appropriate. In some instances, multiple attorneys of the Firm reviewed and/or revised the same document or conferred with each other regarding the same issue because of the complexity and importance of each such document or issue to the Debtor and this Bankruptcy Case. The Firm believes the attention devoted to such

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002


Case: 26-40950 Doc# 82 Filed: 09/10/26 Entered: 09/10/26 17:37:21 Page 6 of 20

matters by its attorneys involved is warranted and appropriate.

This Application includes a relatively small amount of fees incurred by a specially trained senior paralegal of the Firm. The Firm believes that had the paraprofessional not performed the services for which compensation is sought (which services primarily fall into the Employment Application category) the Firm's attorneys (at significantly higher hourly rates) would have had to provide the services, and such services would have been compensable under the Northern District Guidelines.

**VII.**

**NO PRIOR REQUEST FOR COMPENSATION**

This is the Firm's initial application for compensation and reimbursement of expenses incurred on behalf of the Debtor.

**VIII.**

**EXHIBITS IN SUPPORT OF APPLICATION**

Attached to the Kim Declaration as Exhibit 1 is a summary of the Firm's professionals listing the (a) name and title of each individual who provided services to the Debtor during the Application Period, (b) aggregate hours spent by each individual, (c) hourly billing rate for each individual, and (d) amount of fees earned by each individual during the Application Period.

Attached to the Kim Declaration as Exhibit 2 is a summary of the services rendered and compensation sought, sorted by project billing code, during the Application Period.

Attached to the Kim Declaration as Exhibit 3 are copies of the Firm's invoices, which include detailed, contemporaneously maintained time entries by each professional in increments of tenths (1/10) of an hour to describe the fees incurred during the Application Period as well as descriptions of the expenses advanced on behalf of the Debtor for which the Firm seeks reimbursement.

Attached to the Kim Declaration as Exhibit 4 is a copy of a letter to the Debtor's Responsible Individual, forwarding a copy of this Application and inviting discussion, questions, comments, concerns, or objections to the Application.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002



Case: 26-40950 Doc# 82 Filed: 09/10/26 Entered: 09/10/26 17:37:21 Page 7 of 20

The Firm incorporates by this reference as if fully set forth herein (1) the *Application of Debtor and Debtor-in-Possession to Employ Counsel (Golden Goodrich LLP) Pursuant to 11 U.S.C. §§ 327 and 330* [ECF No. 54] (the "Employment Application"), and (2) the Employment Order approving the Debtor's retention and employment of the Firm.

Attached to the Kim Declaration as Exhibit 5 are copies of the professional biographies of each of the Firm's attorneys who rendered services to the Debtor during the Application Period.

Exhibits 1 through 5 to the Kim Declaration provide the information required under the Northern District Guidelines in support of the Application.

## IX.

## SUMMARY OF PROJECT BILLING CODES

### A. Maintenance of Records

In compliance with the Northern District Guidelines, the Firm maintains its time records on a "Project Billing" basis. Exhibit 2 to the Kim Declaration provides a summary of the Project Billing Categories, the total professional hours spent in each category and the total fees requested for each category.

### B. Use of Project Billing Categories

A discussion of the work the Firm performed in each Project Billing Category is set forth in the paragraphs that follow. Under the Northern District Guidelines, "[t]he maximum amount that should be included in a single category should generally be $20,000. This cap may be exceeded where further breakdown is impractical." See Northern District Guidelines, at § I.3. The fees for one category of project in this Application (Case Administration) exceeded $20,000. This is a result of the size and scope of the services provided by the Firm in this category during the Application Period, which includes tasks related to first day relief and assisting with the Debtor's transition into chapter 11 and general administration of the Bankruptcy Case. The Firm believes that it would be impractical to break down the Case Administration category to additional categories of $20,000 in fees or less.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002


Case: 26-40950 Doc# 82 Filed: 09/10/26 Entered: 09/10/26 17:37:21 Page 8 of 20

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

It is inevitable that not all matters fit precisely into one category, or that some items fit appropriately into more than one category. Additionally, as in the case of telephone conferences or meetings where more than one subject is discussed, a time entry dealing with more than one subject must occasionally be placed in only one category. Thus, while the Firm has diligently attempted to segregate its time into the appropriate category, there may be some overlap between and among categories.

In some instances, the Firm has billed for the services of more than one person in connection with a meeting (either internal or external) or a conference call with a third party. The Firm believes that this is justified here by the complexity and scale of this bankruptcy.

A discussion of the work performed in the Project Billing Categories follows below.

1. Asset Analysis and Recovery

The Firm spent a small amount of time in this category reviewing and evaluating potential claims held by the Debtor against Parkside and the merchant case advance providers. The Firm spent a total of 4.30 hours and incurred fees totaling $3,095.00 during the Application Period on this Project Billing Category.

2. Case Administration

a. <u>Reporting and Compliance</u>

In this category, the Firm assisted the Debtor with reporting requirements and compliance tasks. The Firm incurred fees analyzing UST requirements, reviewing the Debtor's bank statements and other financial documents to accurately reflect debts, assets, and transfers, communicating with the Debtor and the UST concerning financial issues, assisting the Debtor in closing prepetition bank accounts and credit card accounts, addressing tax issues, including a missing tax return, preparing the Debtor's 7-day package, schedules, statement of financial affairs and amendments to the same where necessary, and filing the Debtor's cash flow statement with the Court.

The Firm also incurred fees in this category (i) planning case direction and strategy, (ii) preparing and reviewing information for potential "first day" motions,


Case: 26-40950 Doc# 82 Filed: 09/10/26 Entered: 09/10/26 17:37:21 Page 9 of 20

(iii) reviewing budget and cash collateral projections, (iv) conferring with the Debtor's principals, (v) preparing for and attending the status conference which was held on July 16, 2026, (vi) assisting the Debtor in preparing and filing monthly operating reports, and (vii) reviewing the Debtor's insurance policies and updating them to add the Trustee as a noticed party.

b. First Day Motions

The Firm advised the Debtor on seeking several key forms of customary relief to ensure its ability to continue operating as a debtor in possession in the ordinary course of its business and a smooth transition into chapter 11, including Court authorization to use cash collateral of its secured creditor Settle Funding, LLC ("Settle") to continue operating in the ordinary course, including, among other things, meeting the Debtor's obligations to its employees by funding payroll that was due on or about May 12, 2026. Accordingly, the Firm prepared the following "First Day Motions":

(a) *Emergency Motion for Entry of Interim and Final Orders (A) Authorizing Use of Cash Collateral of Settle Funding LLC Pursuant to Sections 105, 361, and 363 of the Bankruptcy Code; (B) Granting Adequate Protection; and (C) Directing Third-Party Account Debtors to Release Cash and Cash Collateral of Settle Funding, LLC to Debtor Under Bankruptcy Code Section 542(b)* [ECF No. 4];

(b) *Motion for Entry of Interim and Final Orders Authorizing: (A) Payment of Prepetition Employee Wages, Salaries, Benefits, and Related Obligations; (B) Continuing Employee Compensation and Benefit Programs in the Ordinary Course; and (C) Entry into a Replacement Payroll Processing Agreement* [ECF No. 5];

(c) *Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtor to Pay Certain Taxes Pursuant to 11 U.S.C. §§ 105(a), 363(b), 363(c), 507(a), 541, 1107(a), and 1108* [ECF No. 6];

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

(d) *Emergency Motion for Entry of Interim and Final Orders (A) Authorizing Continuation of Insurance Coverage Programs and (B) Authorizing Payment of Prepetition Insurance Premiums and Continuation of Prepetition Insurance Premium Financing Agreement Pursuant to 11 U.S.C, §§ 105(a), 363(b), 364(c), 1107, and 1108* [ECF No. 7];

(e) *Emergency Chapter 11 First Day Motion to Entry of Interim and Final Orders Authorizing the Debtor to Honor Certain Prepetition Obligations for the Benefit of Customers, and to Otherwise Continue Customer and Affiliate programs and Practices in the Ordinary Course of Business* [ECF No. 8]; and

(f) *Emergency Motion to Reject Lease or Executory Contracts Debtor's Emergency Motion for Entry of an Order (A) Authorizing Rejection of Unexpired Nonresidential Real Property Lease Pursuant to Bankruptcy Code Section 365; or, in the Alternative, (B Authorizing Modification of Lease to Reduce Leased Premises* [ECF No. 9].

Pursuant to the First Day Motions, the Debtor sought interim and final authorization to: (a) use collateral and cash collateral of Settle and turnover of Settle's cash collateral by certain of the Debtor's account debtors who were withholding such cash collateral in response to the Lien Notices; (b) among other things, pay prepetition wages, honor and continue prepetition employee benefits, and enter into a new payroll processing agreement; (c) pay certain taxes due and owing, prepetition, to certain taxing authorities; (d) continue performing under certain prepetition insurance premium financing agreements, (e) honor certain prepetition customer and affiliate programs and obligations; and (f) reject, as of the Petition Date, the Debtor's prepetition commercial real property lease of its prepetition corporate headquarters. These efforts allowed the Debtor to continue operating as a debtor in possession as it transitioned into the Bankruptcy Case.

In addition to the First Day Motions, the Firm prepared the *Debtor's Ex Parte*

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

*Application for Order Shortening Time for Notice and Specially Setting Hearing on Debtor's Emergency First Day Motions,* the declarations in support, and the order shortening time which the Court entered on May 6, 2026. ECF Nos. 11, 12, 13, 18. Hearing was set for May 11, 2026, at 1:00 p.m.

On May 8, 2026, the Trustee filed its Objection *of the United States Trustee to the Motion to Reject Lease and Reservation of Rights* [ECF No. 23] which the Firm reviewed. The Firm further prepared for and appeared at the hearings held on May 11. Thereafter, the continued "second day" hearings that the Court scheduled for June 11, 2026, were vacated and granted by docket text order and the Firm prepared the final orders as directed by the Court.[2]

The Firm spent a total of 56.50 hours and incurred fees totaling $39,342.50 during the Application Period on this Project Billing Category.

3. Initial Debtor Interview and Meetings of Creditors

The Firm reviewed the notice of meeting of creditors, communicated with the Debtor and other parties regarding the initial debtor interview ("IDI") and prepared for and appeared at the IDI held on June 2, 2026. Various documents were requested in connection with the IDI. The Firm spent time compiling documents for the IDI and providing additional documents after the IDI. In addition, the Firm prepared for and appeared at the Debtor's meeting of creditors held on June 8, 2026, and communicated with the Debtor before and after the meeting. The Firm spent a total of 5.60 hours and incurred fees totaling $3,935.00 during the Application Period on this Project Billing Category.

4. Business Operations

As described above, the Debtor obtained Court approval to reject the unexpired non-residential real property lease of its headquarters (the "Prepetition HQ Lease"), effective as of the Petition Date, as, among other factors, the Debtor simply did not need the space and related monthly rent obligation appurtenant with its prepetition

[2] *See* ECF Nos. 67, 60, 61, 62, 63 and 38.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

headquarters. Thereafter, the Firm advised the Debtor on locating new commercial space from which it may operate its business, including storage of certain inventory and other estate assets.

The Firm prepared the Debtor's *Motion for Authorization to Use Estate Assets and Enter into New Non-Residential Real Property Lease, Sublease or Membership Agreement Pursuant to 11 U.S.C. §§ 363(b)(1) and 364(a)* and related notice to allow the Debtor to finalize and enter into a new commercial lease or licensing agreement on the best economic terms available to the Debtor. See ECF Nos. 51 and 52. Hearing was set for June 11, 2026, at 11:00 a.m. No opposition was filed and the motion was granted without a hearing. ECF No. 58.

The Firm spent a total of 9.60 hours and incurred fees totaling $6,890.00 during the Application Period on this Project Billing Category.

5. Cash Collateral and Adequate Protection

a. Settle

The Firm advised the Debtor on seeking Settle's consent to use cash collateral, communicated with counsel for Settle, and prepared the *Stipulation Between Debtor and Settle Funding, LLC Regarding Consent to Use of Cash Collateral* [ECF No. 31] (the "First Stipulation"), and the *Order Approving Stipulation Between Debtor and Settle Funding, LLC Regarding Consent to Use of Cash Collateral* [ECF No. 37] which the Court entered on May 12, 2026.

Thereafter, on July 15, 2026, the Court entered that *Final Order (A) Authorizing Use of Cash Collateral of Settle Funding, LLC Pursuant to Sections 105, 361, and 363 of the Bankruptcy Code; (B) Granting Adequate Protection; and (C) Directing Third Party Account Debtors to Release Cash and Cash Collateral of Settle Funding, LLC to Debtor Under Bankruptcy Code Section 542(b)* [ECF No. 67] (the "Final Cash Collateral Order") and thereby further authorized the Debtor to use Settle's cash collateral in accordance with the terms and conditions set forth in the First Stipulation and that "Revised Budget" filed with the Court on May 29, 2026 [ECF

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

No. 53], in support of the Debtor's emergency first day motion for, among other things, authority to use Settle's cash collateral. The Revised Budget set forth the Debtor's proposed 13-week cash collateral budget through the week ending Sunday, August 30, 2026.

As the Debtor continues to operate its business and manage its financial affairs, the Debtor is actively pursuing a number of strategies to emerge from chapter 11, including, but not limited to: (1) obtaining bridge or exit financing to propose a plan of reorganization; (2) selling, under Bankruptcy Code section 363, substantially all of the Debtor's assets as a going concern; (3) partnering with an appropriate third-party investor and proposing a plan of reorganization; (4) reorganizing under pursuant to a chapter 11 plan, including litigating against and pursuing cramdown treatment of certain alleged junior secured creditors' purported liens; and (5) liquidating. To explore and pursue concurrently these various options, the Debtor needs to continue using Settle's cash collateral to maximize and preserve its going concern value.

Therefore, the Debtor requested Settle's consent to its continued use of cash collateral, on the same terms and conditions set forth in the First Stipulation and the Final Cash Collateral Order, to which Settle agreed.

Accordingly, the Firm prepared the *Second Stipulation Between Debtor and Settlement Funding, LLC Regarding Consent to Use of Cash Collateral* [ECF No. 78] and the *Order Approving Stipulation Between Debtor and Settle Funding, LLC Regarding Consent to Use of Cash Collateral* [ECF No. 79] which the Court entered on August 31, 2026.

b. <u>Ascentium</u>

The Firm advised the Debtor on seeking Ascentium's consent to use certain collateral, i.e., tangible personal property against which Ascentium assents liens, in exchange for adequate protection payments. The Firm communicated with Ascentium and prepared the *Stipulation Between Debtor and Regions Bank D/B/A*

*Ascentium Capital Regarding Use of Collateral and Adequate Protection Payments* [ECF No. 74] and the *Order Approving Stipulation Between Debtor and Regions Bank D/B/A Ascentium Capital Regarding Use of Collateral and Adequate Protection Payments* [ECF No. 75] which the Court entered on August 14, 2026.

The Firm spent a total of 17 hours and incurred fees totaling $12,215.00 during the Application Period on this Project Billing Category.

6. Claims Administration and Objections

The Court set a deadline of September 8, 2026 (the "Bar Date"), for filings proof of claim. As of the date of this Application, twenty-one creditors have filed timely proofs of claim against the Debtor.

The Firm has reviewed with the Debtor the proofs of claim that have been filed, including tax claims, and has communicated with various claimants regarding their claims. The Firm spent a total of .40 hours and incurred fees totaling $280.00 during the Application Period on this Project Billing Category.

7. Plan and Disclosure Statement

a. Exclusivity

While the Debtor has been exploring a potential marketing/sale and/or re-financing to implement plan and potential litigation against certain creditors to avoid liens over the summer, and while the Debtor continues to deploy various e-commerce strategies to reduce advertising spend while increasing sales, both on the retail and B2B side, the Firm advised the Debtor on seeking an extension of the current plan exclusivity periods of September 1 and November 1, 2026 (the "Plan Exclusivity Periods"). Accordingly, the Firm prepared the Debtor's *Motion for an Order Extending Plan Exclusivity Periods Under 11 U.S.C. 1121(d)* ("Motion to Extend") and related notice (ECF Nos. 80, 81) which were filed on August 31, 2026. Through the Motion to Extend, the Debtor seeks to extend the Plan Exclusivity Periods through and including January 6, 2027, to propose a plan, and through and including March 1, 2027, to solicit acceptances to such a plan. Such extension will

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

allow sufficient time for the Debtor to formulate, propose, and seek confirmation of a chapter 11 plan, including time to modify and/or amend any plan and disclosure statement without the distraction and expense of a competing plan.

b. Plan Negotiations

In this category, the Firm worked with the Debtor on plan treatment of various claims.

The Firm spent a total of 8.90 hours and incurred fees totaling $4,845.00 during the Application Period on this Project Billing Category.

8. Employment Applications

In this category, the Firm assisted the Debtor in employing its professionals.

a. Firm

Prepetition, Aletha retained the Firm to represent it as its general insolvency counsel. The Firm prepared the *Application of Debtor and Debtor-in-Possession to Employ Counsel (Golden Goodrich LLP) Pursuant to 11 U.S.C. §§ 327 and 330* (ECF No. 54, "Application") which was filed on June 3, 2026. The Firm addressed certain concerns raised by the UST and ultimately prepared the proposed order approving the Firm's employment, effective as of the Petition Date, which the Court entered on June 15, 2026 (ECF No. 57).

b. J.S. Held

J.S. Held LLC ("J.S. Held") advised Aletha prepetition on financial matters. Therefore, the Debtor sought to employ J.S. Held as its financial advisors. The Firm prepared the *Application of Debtor and Debtor in Possession to Employ Financial Advisor (J.S. Held LLC) Pursuant to 11 U.S.C. §§ 327 and 330* (ECF No. 55, "Application") which was filed on June 4, 2026. As the UST also had concerns regarding certain retention terms to which Aletha agreed, prepetition, the Firm liaised with JS Held and the UST to address the UST's concerns. Thereafter, the Firm prepared the proposed order approving JS Held's employment, effective as of the Petition Date, which the Court entered on June 17, 2026 (ECF No. 59).

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

c. <u>AFS</u>

Postpetition, the Debtor also sought to employ its prepetition intellectual property counsel, ArentFox Schiff LLP ("<u>AFS</u>"), as its special intellectual property counsel. The Firm prepared the *Application of Debtor and Debtor in Possession to Employ Intellectual Property Counsel (ArentFox Schiff LLP) Pursuant to 11 U.S.C. §§ 327(e) and 330* (ECF No. 77, "AFS Application") which was filed on August 25, 2026.

d. <u>Burkland</u>

The Debtor intends to seek Court authority to retain its prepetition tax accountant Burkland, for the purpose of preparing and filing tax returns which are required to be filed by October 15, 2026. The Firm has drafted the *Application of Debtor and Debtor in Possession to Employ Accountant (Burkland Associates, LLC) Pursuant to 11 U.S.C. §§ 327(a) and 328* which will be filed shortly.

The Firm spent a total of 26.20 hours and incurred fees totaling $12,937.50 during the Application Period on this Project Billing Category.

## X.

## CERTIFICATION

Pursuant to the Northern District Guidelines, the undersigned counsel certifies that: (i) she has read the Application; (ii) to the best of her knowledge, information, and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Northern District Guidelines; and (iii) the compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by the Firm and generally accepted by the Firm's clients.

## XI.

## NOTICE

The Firm is causing notice of this Application to be provided to parties in interest in accordance with the Bankruptcy Rules and the B.L.R. The Firm submits that, in view of the facts and circumstances, such notice is sufficient, and no other or further notice need be

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

provided. In accordance with the B.L.R., objections to this Application, if any, must be filed and served on or before the 14th day before the hearing on this Application, or September 24, 2026 (the "Objection Deadline").

**XII.**

**CONCLUSION**

WHEREFORE, the Firm prays that the Court enter an order:

1. Awarding and allowing interim compensation in the amount of $83,540.00 and actual and necessary expenses in the amount of $2,172.48, or $85,712.48, in the aggregate, covering the Application Period of May 4, 2026 through August 31, 2026;

2. Authorizing the Firm to apply the retainer balance of $27,935.00 to the allowed fees and expenses;

3. Authorizing the Debtor to pay to the Firm the balance due on account of fees awarded and allowed and reimbursement of expenses incurred as allowed and approved by the Court; and

4. Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 10, 2026

GOLDEN GOODRICH LLP

By: */s/ Jeannie Kim*
JEFFREY I. GOLDEN
JEANNIE KIM
Attorneys for Debtor and Debtor-in-Possession, Aletha Inc.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>Aletha Inc. dba Aletha Health,<br><br>Debtor and<br>Debtor in Possession. | Case No. 26-40950 (HLB)<br><br>Chapter 11<br><br>**[PROPOSED] ORDER APPROVING FIRST INTERIM APPLICATION OF GOLDEN GOODRICH LLP, COUNSEL FOR DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF MAY 4, 2026 THROUGH AUGUST 31, 2026**<br><br>The Hon. Hannah L. Blumenstiel<br><br>Date: October 8, 2026<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>Courtroom 19 or via Zoom<br>450 Golden Gate Ave., 16th Fl.<br>San Francisco, California 94102<br><br>Objection Deadline: September 24, 2026<br>Reply Deadline: October 1, 2026 |

On September 10*, 2026,* Golden Goodrich LLP (the "<u>Firm</u>") filed that *First Interim Application of Golden Goodrich LLP, Counsel for the Debtor and Debtor in Possession, for Allowance and Payment of Compensation and Reimbursement of Expenses for the*



Case: 26-40950 Doc# 82 Filed: 09/10/26 Entered: 09/10/26 17:37:21 Page 19 of 20

*Period of May 4, 2026 through August 31, 2026* [ECF No.__] (the "Application").[1]

The Court having read and considered the Application, and finding that notice given of the Application, the time for objection to the Application having passed with no objection having been filed, and the Application being proper in form and substance, that the professional services provided by the Firm during the Application Period were reasonable and actually rendered and furnished to the Debtor, and that the compensation for fees and reimbursement of expenses incurred constitute lawful, proper, and necessary expenses in aid of administration of this Case,

IT IS ORDERED that:

1. The Application is GRANTED;

2. The Firm is awarded and allowed an administrative claim under Bankruptcy Code section 503(b)(2) on account of interim compensation in the total amount of $85,712.48 ($83,540.00 in fees and expenses in the amount of $2,172.48);

3. The Firm is authorized to apply the retainer balance of $27,935.00 to the allowed fees and expenses; and

4. The Debtor is authorized to pay to the Firm the balance due on account of fees and expenses awarded and allowed under this Order, or $57,777.48.

*****END OF [PROPOSED] ORDER*****

[1] Capitalized terms not otherwise defined in this Order shall have the same meanings ascribed to them in the Application.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002



Case: 26-40950 Doc# 82 Filed: 09/10/26 Entered: 09/10/26 17:37:21 Page 20 of 20